STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
V. JOHN A. SELLERS, RESPONDENT.
___ N.W.2d ___

Filed March 28, 2014.    Nos. S-13-060, S-13-497.

Original actions. Judgment of disbarment.

Kent L. Frobish, Assistant Counsel for Discipline, for relator.

No appearance for respondent.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, MCCORMACK, MILLER-LERMAN, and CASSEL, JJ.

PER CURIAM.

## INTRODUCTION

These cases are before the court on the voluntary surrenders of license filed by John A. Sellers, respondent, in cases Nos. S-13-060 and S-13-497, which we consolidate for purposes of opinion and disposition. On January 21, 2014, respondent filed a voluntary surrender in case No. S-13-060 and on February 10, respondent filed a voluntary surrender in case No. S-13-497. In case No. S-13-060, an application for temporary suspension containing one count was filed against respondent, and on March 27, 2013, respondent was temporarily suspended by order of this court. In case No. S-13-497, formal charges containing four counts were filed against respondent, with the first count containing the same allegations as those set forth in the application for temporary suspension filed in case No. S-13-060. We accept both of respondent's voluntary surrenders of his license and enter an order of disbarment.

## STATEMENT OF FACTS

Respondent was admitted to the practice of law in the State of Nebraska on September 19, 2000. On January 23, 2013, the Committee on Inquiry of the Fifth Disciplinary District filed an application for temporary suspension against respondent

in case No. S-13-060. The application for temporary suspension contained one count, generally alleging neglect, failure to communicate, and misappropriation of funds. On January 31, we ordered respondent to show cause why he should not be temporarily suspended. Respondent did not file a response to the show cause order. Respondent was temporarily suspended by this court on March 27.

After respondent was temporarily suspended, the Counsel for Discipline of the Nebraska Supreme Court, relator, filed formal charges containing four counts against respondent on June 7, 2013, in case No. S-13-497. Count I of the formal charges contained the same allegations as alleged in the application for temporary suspension filed in case No. S-13-060. Counts II, III, and IV of the formal charges in case No. S-13-497 generally alleged that respondent neglected clients' cases, failed to communicate with clients, and misappropriated client funds. Respondent did not respond to the formal charges.

On January 21, 2014, respondent filed a voluntary surrender of his license in case No. S-13-060. In the January 21 voluntary surrender, respondent stated that he knowingly does not challenge or contest the truth of the allegations set forth in the application for temporary suspension. Respondent further stated that he freely and voluntarily waived his right to notice, appearance, or hearing prior to the entry of an order of disbarment and consented to the entry of an order of disbarment.

On January 23, 2014, we filed an order directing relator to file a response to respondent's January 21 voluntary surrender in case No. S-13-060, including the impact of such surrender on case No. S-13-497 if this court accepted the voluntary surrender filed in case No. S-13-060. Relator filed its response on January 31, stating, inter alia, that a voluntary surrender form pertaining to case No. S-13-497 had been tendered to respondent.

On February 10, 2014, respondent filed a voluntary surrender in case No. S-13-497. Respondent stated in the February 10 voluntary surrender that he knowingly does not challenge or contest the truth of the allegations set forth in the formal

charges. Respondent further stated that he freely and voluntarily waived his right to notice, appearance, or hearing prior to the entry of an order of disbarment and consented to the entry of an order of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
>
> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that by respondent's voluntary surrenders filed in cases Nos. S-13-060 and S-13-497, he has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the allegations made against him in the application for temporary suspension and the formal charges. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court files in these matters, we find that respondent has stated that he freely, knowingly, and voluntarily admits that he does not contest the allegations being made against him in the application for temporary suspension filed in case No. S-13-060 and the formal charges filed in case No. S-13-497. We accept respondent's voluntary surrender of his license to practice law filed January 21, 2014, in case No. S-13-060, and respondent's voluntary surrender of his license to practice law filed February 10 in case No. S-13-497. We find that respondent should be disbarred and

hereby order him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after orders imposing costs and expenses, if any, are entered by the court.

Judgment of disbarment.

———————————

Rodehorst Brothers, appellant, v. City of Norfolk
Board of Adjustment, appellee.
___ N.W.2d ___

Filed March 28, 2014.    No. S-13-253.

1. **Zoning: Courts: Appeal and Error.** In appeals involving a decision of a board of adjustment, an appellate court reviews the decision of the district court, and irrespective of whether the district court took additional evidence, the appellate court is to decide if, in reviewing a decision of a board of adjustment, the district court abused its discretion or made an error of law. Where competent evidence supports the district court's factual findings, the appellate court will not substitute its factual findings for those of the district court.

2. **Abandonment: Intent: Words and Phrases.** Generally, the right to continue a nonconforming use may be lost through abandonment. Abandonment requires not only a cessation of the nonconforming use, but also an intent by the user to abandon the nonconforming use.

3. **Ordinances: Zoning.** Zoning laws should be given a fair and reasonable construction in light of the manifest intention of the legislative body, the objects sought to be attained, the natural import of the words used in common and accepted usage, the setting in which they are employed, and the general structure of the law as a whole.

4. ____: ____. Where the provisions of a zoning ordinance are expressed in common words of everyday use, without enlargement, restriction, or definition, they are to be interpreted and enforced according to their generally accepted meaning.

5. ____: ____. Nonconforming uses are disfavored because they reduce the effectiveness of zoning ordinances, depress property values, and contribute to the growth of urban blight.

6. **Zoning: Ordinances: Intent: Time.** Where a zoning law provides for the termination of a legal, nonconforming use after it has been "discontinued" for a